UNITED STATES BANKRUPTCY COURT
For The District of Colorado

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DANNY DEMOSTENES MARTINEZ, | ) | CASE NUMBER: |
| | ) | |
| DEBTOR. | ) | CHAPTER 13 |

## CHAPTER 13 PLAN INCLUDING VALUATION OF COLLATERAL AND CLASSIFICATION OF CLAIMS

**CHAPTER 13 PLAN:** This chapter 13 plan dated June 22, 2011 supersedes all previously filed plans.

**NOTICE TO CREDITORS:** THIS PLAN MAY MODIFY YOUR RIGHTS. If you oppose any provision of the plan you must file an objection with the bankruptcy court by the deadline fixed by the court. (Applicable deadlines given by separate notice.) If you do not file a timely objection, you will be deemed to have accepted the terms of the plan, which may be confirmed without further notice or hearing.

**MOTIONS FOR VALUATION OF COLLATERAL AND DETERMINATION OF SECURED STATUS UNDER 11 U.S.C. §506.** (Check any applicable box(s)):

 ( )  This plan contains a motion for valuation of personal property collateral and determination of secured status under 11 U.S.C. §506.

 (X)  The debtor is requesting a valuation of real property collateral and determination of secured status under 11 U.S.C. §506 by separate motion filed contemporaneously with this plan.

Or

 ( )  This plan contains a provision modifying the value of real property collateral under 11 U.S.C. §506 in accordance with a previously filed motion or prior order of this Court.
    **Dated:**    **Status:**     **Corresponding Docket #s:**

**SECURED CLAIMS SUBJECT TO VALUATION OF COLLATERAL AND DETERMINATION OF SECURED STATUS UNDER 11 U.S.C. §506** (additional details provided at Part IV of the plan):

| Name of Creditor | Description of Collateral (pursuant to L.B.R. 3012-1) |
|---|---|
| CHASE | Lot 29, Block 34, Northglenn Thirteenth Filing, County of Adams, State of Colorado |
| | |
| | |

## I.  BACKGROUND INFORMATION

 **A.**  Prior bankruptcies pending within one year of the petition date for this case:

| Case No. & Chapter | Discharge or Dismissal/Conversion | Date |
|---|---|---|
| | | |
| | | |

**B.**   The debtor:   __X__ is eligible for a discharge; or
_____ is not eligible for a discharge and is not seeking a discharge.

**C.**   Prior states of domicile:   within 730 days <u>Colorado</u>
within 910 days <u>Colorado</u>.

The debtor is claiming exemptions available in the state of <u>Colorado.</u>

**D.**   The debtor owes or anticipates owing a Domestic Support Obligation as defined in 11 U.S.C. §101(14A). Notice will/should be provided to these parties in interest:N/A

1      Parent _____
2.     Government _____
3.     Assignee or other _____

**E.**   The debtor ( ) has provided the Trustee with the phone number of the Domestic Support Obligation recipient or ( ) cannot provide the phone number because it is not available.

**F.**   The current monthly income of the debtor, as reported on Interim Form B22C is: (X) below ( ) equal to or ( ) above the applicable median income.

## II.   PLAN ANALYSIS

### A.   TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

1. TOTAL PRIORITY CLAIMS (Class One)

| | | |
|---|---|---:|
| a. | Unpaid attorney fees Total attorney fees are estimated to be $3701.00 of which $701.00 has been prepaid. | $3,000.00 |
| b. | Taxes (IRS) | $0.00 |
| c. | Taxes (Colorado) | $0.00 |
| d. | Other Priority | $0.00 |

Total Priority      $0.00

| | | |
|---|---|---:|
| 2. | TOTAL OF PAYMENTS TO CURE DEFAULTS (Class Two) | $0.00 |
| 3. | TOTAL OF PAYMENTS ON SECURED CLAIMS (Class Three) | $0.00 |
| 4. | TOTAL OF PAYMENTS ON UNSECURED CLAIMS | $272.73 |
| 5. | SUBTOTAL | $3,272.73 |
| 6. | TOTAL TRUSTEE'S COMPENSATION (10% of Payments) | $327.27 |
| 7. | TOTAL DEBT AND ADMINISTRATIVE EXPENSES | $3,600.00 |

2

**B.     RECONCILIATION WITH CHAPTER 7:**

**THE NET PROPERTY VALUES SET FORTH BELOW ARE LIQUIDATION VALUES RATHER THAN REPLACEMENT VALUES.  THE REPLACEMENT VALUES MAY APPEAR IN CLASS THREE OF THE PLAN**

1.     **Assets Available to Class Four unsecured creditors if Chapter 7 filed**

| PROPERTY | FAIR MARKET VALUE | less COST OF SALE | less LIENS | % DEBTOR'S INTEREST | less EXEMPTION | = NET VALUE |
|---|---|---|---|---|---|---|
| cash & bank accounts | $114.00 | - | - | 100.00% | $85.50 | $28.50 |
| | | | | | | |
| | | | | | | |
| | | | | | | |

a..     Value of Debtor's interest in non-exempt property                                 **$0.00**

b.     Plus: Value of property recoverable under avoiding powers                   **$0.00**

c.     Less:  estimated Chapter 7 administrative expense                                 **$75.00**

d.     Less: amounts payable to priority creditors other than admin.            **$0.00**

e.     Equals:  estimated amount payable to Class 4 creditors if                     **($75.00)**
         Chapter 7 filed

2     **Estimated payment to Class Four unsecured creditors under the**            **$272.73**
       **Chapter 13 Plan plus any funds recovered from "other property"**
       **described in Section II.A.3. below**

**III.     PROPERTY AND FUTURE EARNINGS SUBJECT TO THE SUPERVISION AND CONTROL OF THE TRUSTEE.**

A.     The debtor submits the following property and future earnings to the supervision and control of the Trustee all or such portion of the debtor's future earnings or other future income as is necessary for the execution of the plan including:

1.          Future earnings of **$100.00** per month which shall be paid to the trustee for a period of approximately **36** months, beginning **July 22, 2011**

| Amount | Number of Months | Total |
|---|---|---|
| $100.00 | 36 | $3,600.00 |
| | | |
| **One time payment date** | | |

2.          Amounts necessary for the payment of Class Five post-petition Claims:
             $_____
3.          Other property (specify): _____     _____

**AT THE TIME THE FINAL PLAN PAYMENT IS SUBMITTED TO THE TRUSTEE, THE DEBTOR SHALL FILE WITH THE COURT THE CERTIFICATION REGARDING DOMESTIC SUPPORT OBLIGATIONS REQUIRED BY 11 U.S.C. § 1328(a) AND, IF NOT ALREADY FILED, INTERIM FORM B23 REGARDING COMPLETION OF**

**FINANCIAL MANAGEMENT INSTRUCTION REQUIRED BY 11 U.S.C. §1328(g)(1).**

**B.**        Debtor agrees to make payments under the plan as follows:

[ ] VOLUNTARY WAGE ASSIGNMENT TO EMPLOYER          [X] DIRECT PAYMENT: From Debtor to Trustee
(Employer's name, address, telephone number)

_____

_____

_____

(_____)_____

Paid in the following manner:_____

$_____to be deducted_____(per pay period, monthly, etc.)

**IV.        CLASSIFICATION AND TREATMENT OF CLAIMS.**

**CREDITOR RIGHTS MAY BE AFFECTED.  A WRITTEN OBJECTION MUST BE FILED IN ORDER TO CONTEST THE TERMS OF THE PLAN.  CREDITORS OTHER THAN THOSE IN CLASS TWO A AND CLASS THREE MUST FILE TIMELY PROOFS OF CLAIM IN ORDER TO RECEIVE THE APPLICABLE PAYMENTS.**

**A. CLASS ONE - <u>Claims entitled to priority under Section 507, Title 11, United States Code</u>.**  Unless other provision is made in paragraph V(C), each creditor in Class one shall be paid in full in deferred cash payments prior to the commencement of distribution to any other class (except that the payments to the Trustee shall be made by deduction from each payment made by the Debtor to the Trustee) as follows:

**1. Allowed administrative expenses:**

        (a) Trustees's compensation (10% of amounts distributed under the plan)          $327.27

        (b) Attorney's Fees (estimated and subject to allowance)                              $3,000.00

        (c) Attorney's Costs (estimated and subject to allowance)

**2. Other priority claims to be paid in the order of distribution provided by**
**11 U.S.C. §507 (if none, indicate)**.................................................................          $0.00

a.        Domestic Support obligations: **A proof of claim must be timely filed in order for the Trustee to distribute amounts provided by the plan.**

Priority support arrearage: Debtor owes past due support to _____ in the
total amount of $_____ that will be paid as follows:

[ ]        Distributed by the Trustee pursuant to the terms of the Plan; or

[ ]        Debtor is making monthly payments via a wage order [ ] or directly [ ] (reflected on Schedule I and J)
        in the amount of $ _____ to _____. Of monthly amount,
        $ _____ is for current support payments and $ _____ is to pay arrearage.

Other:        For the duration of the plan, during the anniversary month of confirmation, the debtor shall file with the Court and submit to the Trustee an update of the required information regarding Domestic Support Obligations and the status of required payments.

b. Federal Taxes                                                                                          $0.00

c. State Taxes                                                                                            $0.00

d. Other Taxes                                                                                            $0.00

e. Other Class One Claims (if any)

        [X]        None

TOTAL: $3,327.27

**B. CLASS TWO - Defaults**

1.  Class Two A  (if none, indicate) - Claims set forth below are secured *only by an interest in real property that is the debtor's principal residence located at* <u>Lot 29, Block 34, Northglenn Thirteenth Filing, County of Adams, State of Colorado.</u>.  Defaults shall be cured and regular payments shall be made.

[ ] None

| CREDITOR | TOTAL DEFAULT AMOUNT TO BE CURED¹ | INTEREST RATE | NO. OF MONTHS TO CURE | TOTAL AMOUNT TO CURE ARREARAGE | MONTHLY AMOUNT TO BE PAID OUTSIDE PLAN | STARTING MONTH |
|---|---|---|---|---|---|---|
| AMERICAS SERVICING CO. | - | - | - | - | $1,038.54 | JULY 2011 |
| *CHASE | - | - | - | - | - | - |

*Debt is wholly unsecured, §506 Motion will be filed concurrently

2.  <u>Class Two B (if none indicate) - Pursuant to 11 U.S.C. §1322 (b)(5), secured *(other than claims secured only by an interest in real property that is the debtor's principal residence)* or unsecured claims set forth below on which the last payment is due after the date on which the final payment under the Plan is due.</u> Defaults shall be cured and regular payments made:

[X] None

| CREDITOR | COLLATERAL | TOTAL DEFAULT AMOUNT TO BE CURED² | INTEREST RATE | TOTAL AMOUNT TO CURE ARREARAGE | NO. OF MONTHS TO CURE | MONTHLY AMOUNT TO BE PAID OUTSIDE PLAN | STARTING MONTH |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

3.  <u>Class Two C - Executory contracts and unexpired leases.</u> Executory contracts and unexpired leases are rejected, except the following which are assumed:

[X] None

| OTHER PARTY TO LEASE OR CONTRACT | PROPERTY, IF ANY, SUBJECT TO THE CONTRACT OR LEASE | TOTAL AMOUNT TO CURE, IF ANY | NO. OF MONTHS TO CURE | MONTHLY AMOUNT TO BE PAID OUTSIDE PLAN | STARTING DATE |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

*In the event that the debtor rejects the lease or contract, creditor shall file a proof of claim or amended proof of claim reflecting the rejection to the lease or contract within 30 days of the entry of the order confirming this plan, failing which the claim may be barred.*

---

¹ The lesser of this amount or the amount specified in the Proof of Claim.

² The lesser of this amount or the amount specified in the Proof of Claim.

**C. CLASS THREE - All other allowed secured claims** (other than those designated in Classes 2A and 2B above) shall be divided into separate classes to which 11 U.S.C. § 506 shall or shall not apply as follows:

1.    **Secured claims subject to 11 U.S.C. § 506 (Real Property): Real Property:** In accordance with FED.R. BANKR. P. 3012, 7004 and L.B.R. 3012-1, the debtor has filed a separate motion for valuation of collateral and determination of secured status under 11 U.S.C. §506 as to the real property and claims listed on page 1 of this plan and below. The debtor is requesting an order that the value of the collateral is zero ($0) and the creditor's claim is unsecured. The plan is subject to the court's order on the debtor's motion. If the court grants the debtor's motion, the creditor will have an unsecured claim in either the amount of the debt as listed in the debtor's schedules or on any allowed proof of claim filed by the creditor (which ever is greater). The creditors listed on page 1 and below shalL retain the liens securing their claims until discharge under 11 U.S.C. §1328 or payment in full.

| Name of Creditor | Description of Collateral (pursuant to L.B.R. 3012-1) | Amount of Debt as Secured | Proof of Claim amount, if any |
|---|---|---|---|
| CHASE | Lot 29, Block 34, Northglenn Thirteenth Filing, County of Adams, State of Colorado | $38,904.00 | - |
|  |  |  |  |

2.    **Secured claims subject to 11 U.S.C. § 506 (Personal Property):** the debtor moves the court, through this chapter 13 plan, for a valuation of collateral and determination of secured status under 11 U.S.C. §506 regarding the personal property and claims below. The following creditors shall retain the liens securing their claims until discharge under 11 U.S.C. §1328 or payment in full under nonbankruptcy law, and they shall be paid the amount specified which represents the lesser of:
(A)    the value of the collateral (paid over appx.    months) or
(B)    the remaining balance payable on the debt over the period required to pay the sum in full.
Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any secured claim with a value of $0 shall be treated as a general unsecured claim.

| CREDITOR | SPECIFY TREATMENT (select A or B above) | DESCRIPTION OF COLLATERAL | REPLACEMENT VALUE OF COLLATERAL | AMOUNT OF DEBT AS SCHEDULED | INTEREST RATE | TOTAL AMOUNT PAYABLE |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

3.    **Secured claims to which 11 U.S.C. §506 shall not apply (personal property).** The following creditors shall retain the liens securing their claims, and they shall be paid the amount specified which represents the remaining balance payable on the debt over the period required to pay the sum in full:

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF DEBT AS SCHEDULED | INTEREST RATE | TOTAL AMOUNT PAYABLE |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

4.    **Property being surrendered:** The debtor abandons interest to Co-Debtor the following property securing an allowed secured claim to the holder of such claim:

| CREDITOR | PROPERTY | ANTICIPATED DATE OF SURRENDER |
|---|---|---|
| CONSOLIDATED RESORTS | TIMESHARE | UPON FILING |

6

Relief from the automatic stay to permit enforcement of the liens encumbering surrendered property shall be deemed granted by the Court at the time of confirmation of this Plan.  With respect to property surrendered, no distribution on the creditor's claim shall be made unless that creditor files a proof of claim or an amended proof of claim to take into account the surrender of the property.

5. **Adequate Protection**: The following creditor(s) shall receive payments in the nature of adequate protection pursuant to T.L.B.R. 2083-1, if applicable, or upon confirmation of the plan as follows:

| CREDITOR | COLLATERAL | AP PAYMENT PAID THROUGH THE TRUSTEE | AP PAYMENT PAID BY THE DEBTOR(S) | NUMBER OF MONTHS UNTIL REGULAR PAYMENTS UNDER PLAN |
|---|---|---|---|---|
| | | | | |
| | | | | |

[X]   None

**IF DEBTOR IS PROPOSING TO MODIFY THE RIGHTS OF CREDITORS IN CLASS TWO AND/OR THREE, DEBTOR MUST SPECIFICALLY SERVE SUCH CREDITOR IN THE MANNER SPECIFIED IN FED. R. BANKR. P. 9014 AND 7004.**

**D. CLASS FOUR: Allowed unsecured claims not otherwise referred to in the Plan**: Class Four claims are provided for in an amount not less than the greater of:

1. The amount necessary to meet the best interests of creditors pursuant to 11 U.S.C. §1325(a)(4) as set forth in Part II; or
2. Total disposable income for the applicable commitment period defined by 11 U.S.C. §1325(b)(1)-(4).

The monthly disposable income of $ 0.00 has been calculated on Form B22C (Chapter 13).
Total disposable income is $ 0.00 which is the product of monthly disposable income of $ 0.00 times the applicable commitment period of 36 mopnths.

a.   [X]   Class Four claims are of one class and shall share pro rata the sum of **$272.73** and shall be paid all funds remaining after the payment by the Trustee of all prior classes; or A timely filed claim, found by the Court to be non-dischargeable pursuant to 11 U.S.C. §523(a)(2), (4), or (6), will share in the distribution to Class Four.  Collection of the balance is stayed until the case is dismissed, converted to a Chapter 7 or discharge enters, unless ordered otherwise.

b.   [ ]   Class Four claims are divided into more than one class as follows:

**E. CLASS FIVE - Post-Petition claims allowed under § 1305, Title 11, United States Code.** Post-petition claims allowed under 11 U.S.C. §1305 shall be paid as follows:

_____.

[X]   None

V.   **OTHER PROVISIONS**

A. Payment will be made directly to the creditor by the Debtor(s) on the following claims:

| CREDITOR | COLLATERAL, IF ANY | MONTHLY PAYMENT AMOUNT | NO. OF MONTHS TO PAYOFF |
|---|---|---|---|
| BELLCO CREDIT UNION | 2003 CLK 320 MERCEDES | $292.00 | OVER 36 MONTHS |
| | | | |

B. The effective date of this Plan shall be the date of entry of the Order of Confirmation.

C. Order of Distribution

1.      [X]      The amounts to be paid to the Class One creditors shall be paid in full, except that the Chapter 13 Trustee's fee shall be paid up to, but not more than, the amount accrued on actual payments made to date. After payment of the Class One creditors, the amounts to be paid to cure the defaults of the Class Two A, Class Two B and Class Two C creditors shall be paid in full before distributions to creditors in classes Three, Four and Five (strike any portion of this sentence not applicable). The amounts to be paid to the Class Three creditors shall be paid in full before distribution to creditors in classes Four and Five. Distributions under the plan to unsecured creditors will only be made to creditors whose claims are allowed and are timely filed pursuant to Fed. R. Bankr. P. 3002 and 3004 and after payments are made to Classes one, Two A, Two B, Two C and Three above in the manner specified in Section IV.

2.      [ ]      Distribution to classes of creditors shall be in accordance with the order set forth above, except:

_____ .

**D. MOTIONS TO VOID LIENS UNDER 11 U.S.C. § 522(f).** In accordance with Fed. R. Bankr. P. 4003 (d), Debtor intends to file, or have filed, by separate motions served in accordance with Fed. R. Bankr. P. 7004, a motion to void lien pursuant to 11 U.S.C. §522 (f) as to the secured creditors listed below:

| CREDITOR | COLLATERAL | DATE MOTION TO VOID LIEN FILED | DATE OF ORDER GRANTING MOTION OR PENDING |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

E. STUDENT LOANS:

     [ ]      No Student Loans
     [X]      Student Loans are to be treated as an unsecured Class Four claim.

F. RESTITUTION

     [X]      No restitution owed
     [ ]      Debtor owes restitution in the total amount of $_____ which is paid directly to _____
             In the amount of $_____ per month for a period of _____ months.
     [ ]      Debtor owes restitution to be paid as follows:_____

G. OTHER

VI.      **REVESTMENT OF PROPERTY IN DEBTOR**

All property of the estate shall vest in the debtor at the time of confirmation of this Plan.

VII.      **INSURANCE**

Insurance in the amount to protect liens of creditors holding secured claims will [X] will not [ ] be obtained and in force throughout the period of the Plan.

| Creditor to Whom This Applies | Collateral Covered | Coverage Type | Insurance Co, Policy No., and Agent Name, Address and Telephone No. |
|---|---|---|---|
| BELLCO CREDIT UNION | 2003 CLK 320 MERCEDES | FULL | American Family Ins. Agent: Tery Miller; Policy No.: 1641-3856-0179; Phone No.: 303.425.4659 |
| | | | |

Applicable policies will be endorsed to provide a clause making the applicable creditor a loss payee of the policy.

8

## VIII.   POST-CONFIRMATION MODIFICATION

The debtor shall file and serve upon all parties in interest a modified plan which will provide for allowed priority and allowed secured claims which were not filed and/or liquidated at the time of confirmation.  The value of property to satisfy 11 U.S.C. §1325(a)(4) may be increased or reduced with the modification if appropriate.  The modification will be filed no later than one year after the petition date.  Failure of the debtor to file the modification may be grounds for dismissal.

Dated this 22nd day of June , 2011.


THE LAW OFFICE OF SHARON GROSSENBACH


/s/ Sharon W. Grossenbach                          /s/ Danny Demostenes Martinez
Sharon W. Grossenbach, Reg. No. 8306              DANNY DEMOSTENES MARTINEZ
Andrew S. Trexler, Reg. No. 39089
Regina M. Ries, Reg. No. 32875
1625 Broadway, Suite 200
Denver, Colorado  80202
Tele: (303) 571-0077
Fax: (303) 571-4227
gro@grossenbach.com
Attorney for Debtor(s)

9